BENJAMIN B. WAGNER
United States Attorney
GRANT B. RABENN
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for the
 United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>CHANROU YATH,<br><br>  Defendant. | CASE NO. 1:13-CR-00136-AWI<br><br>GOVERNMENT'S SENTENCING MEMORANDUM<br><br>DATE: December 1, 2014<br><br>TIME: 10:00 a.m.<br><br>JUDGE: HON. ANTHONY W. ISHII |

### I.  The Defendant Was An Active Participant in the Conspiracy

Defendant Chanrou Yath was charged on April 11, 2013 with one count of drug distribution conspiracy, one count of conspiracy to structure financial transactions, and nine substantive counts of structuring. *See* Docket Item No. 1 (Indictment).  The Indictment alleged that the defendant, her twelve co-defendants, and others conspired to obtain oxycodone and hydrocodone pills form a doctor, have those pill shipped to other states and sold on the black market, and then structure the cash proceeds of those drug deals through banks. *See* id.  The doctor, Terrill Brown, was charged in a separate indictment with 27 counts of conspiracy to dispense oxycodone, dispensing oxycodone and hydrocodone, and structuring. *See* 1:13-cr-231-LJO.  Dr. Brown was sentenced to 57 months imprisonment by U.S. District Judge Lawrence J. O'Neill on September 29, 2014.

The investigation revealed that Chanrou Yath and her co-conspirators obtained 119,490

Government's Sentencing Memorandum            1

1  oxycodone and hydrocodone pills from Dr. Brown throughout the course of the conspiracy. *See*
2  Presentence Report, par. 10, p. 6.  Some of these pills were obtained directly by Chanrou Yath, as
3  evidenced by prescription records seized by case agents.  *See* Bates Number 011074 through 011091.
4  Those records show that Chanrou Yath obtained prescriptions for 840 hydrocodone pills and 750
5  oxycodone pills in her own name from Dr. Brown.  *See* Bates Numbers 009169 and 009182.

6        In addition to obtaining the pills from Dr. Brown, Chanrou Yath made large amounts of
7  structured cash withdrawals from bank accounts held in her own name.  *See* Presentence Report, par. 15,
8  p. 8.  Those cash withdrawals were funded by structured cash deposits into her accounts made at bank
9  branches in the State of Washington, and were the proceeds of the illegal sale of the oxycodone and
10 hydrocodone pills.  *See* Docket Item No. 306 at p. 15 (Plea Agreement).  In total, Chanrou Yath made
11 **$712,792.49** in structured cash withdrawals from her bank accounts.  As shown in the table contained in
12 the Presentence Report at page 15, Chanrou Yath made more structured cash transactions than any
13 defendant in this case.  Indeed, the second most structured cash transactions were made by co-defendant
14 Chanrath Yath at $493,305.

15        In sum, the facts support Probation's assessment that Chanrou Yath "was not … a minor
16 participant in this offense … [she] was an active participant in the conspiracy and assisted in the drug
17 trafficking of oxycodone, hydrocodone, and medical marijuana."  *See* Presentence Report at par. 18, p.
18 8.

19       **II.       The Presentence Reports' Recommended Sentence of 37 Months is Warranted**

20        Even though the defendant was involved in the distribution of controlled substances and was
21 charged with one count of conspiring to distribute controlled substances, the United States agreed to
22 allow the defendant to plead guilty to only the structuring offenses in the interest of settling this case and
23 other factors.  The defendant, therefore, has already received a huge benefit from the bargain.  Further,
24 the Presentence Report found no factors warranting a downward variance under 18 U.S.C. § 3553(a).
25 *See* Presentence Report at par. 78, p. 15.

26        The defendant, the United States, and Probation agree that the offense level should be 24, minus
27 three levels for acceptance, leading to a total adjusted offense level of 21.  With a category I criminal
28 history, the low end of the guideline range is 37 months imprisonment.  This is an appropriate sentence

Government's Sentencing Memorandum            2

in this case.

In terms of sentencing parity among the defendants, the below table shows that a sentence of 37 months is similar to or lower than the sentences imposed on many of the co-defendants.

| Defendant | Counts Pleaded Guilty To | Appx. Amount Structured | Sentence |
|---|---|---|---|
| David Ruem | Counts 1, 2, and 19 | $145,250 | 10 years and 1 month |
| Phary Chim | Counts 2 and 27 | $268,000 | 51 months |
| Sdey Chim | Count 2 | $400,000 | 46 months |
| Chanrath Yath | Counts 2 and 20 | $500,000 | 40 months |
| Phally Thach | Counts 2 and 22 | $130,000 | 30 months |
| Raeb Chou | Counts 2 and 23 | $150,000 | 24 months |
| Cindy Doeum | Counts 2 and 28 | $86,000 | 36 months probation |
| Chantha Chim | Count 26 | $70,000 | 36 months probation |
| Loc Huu Chau | Counts 2 and 29 | $51,400 | Not yet sentenced |
| Iris Stephanie Garcia | Deferred Prosecution | $118,970 | Deferred Prosecution |
| Sarith Chim | Not guilty plea | N/A | N/A |
| Say Eng | Not guilty plea | N/A | N/A |

### III.   Conclusion

For the reasons set forth above, the United States recommends that the Court impose a sentence of 37 months imprisonment.

Dated: November 24, 2014            BENJAMIN B. WAGNER
                                    United States Attorney

                                    /s/ Grant B. Rabenn
                                    GRANT B. RABENN
                                    Assistant United States Attorney

Government's Sentencing Memorandum            3